**SO ORDERED.**
**SIGNED June 25, 2020.**



_____
**STEPHEN D. WHEELIS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**IN RE:**     **DAVID GAFFORD**                         **CASE No. 19-81050**
            **BIRTHA LEE GAFFORD**
                **DEBTORS**

**MEMORANDUM RULING ON MOTION FOR APPROVAL OF JUDGMENT (ECF #36) AS AMENDED BY APPLICATION FOR APPROVAL OF ATTORNEY'S FEES (ECF#46)**

On Application of Debtors and by Order signed April 28, 2020 (ECF #37) this Court approved the employment of the Williams Family Law Firm to represent the Debtor, David Gafford, in prosecuting a workers' compensation claim. The contract of employment between the Williams Family Law Firm and David Gafford provided that

> **in the event of any recovery under the workers' compensation laws of Louisiana, the fee shall be twenty percent (20%) of the amount recovered on behalf of said client, plus any legally allowable award for attorney's fees under the provisions of LSA R.S. 22:658, R.S. 23:1201 or any other statute of Louisiana.** (ECF #29-1 at p.2)

The contract further provided that the Williams Family Law Firm could recover all costs and expenses incurred by the attorney in prosecution of the claim. The contract was signed August 14, 2018 by David Gafford and Bray Williams on behalf of the Williams Family Law Firm.

The Debtors filed these bankruptcy proceedings on November 12, 2019 and as of the date of this ruling, Debtors have failed to confirm a Chapter 13 Plan.[1] The plan is no longer confirmable as Debtors have failed to timely make payments to the Chapter 13 Trustee. However, the Chapter 13 Trustee is now holding $12,000 in funds payable to the Debtors pursuant to an Order of this Court signed June 11, 2020 (ECF #45), which funds are the subject of this ruling.

The Court first heard the matter on May 14, 2020 and continued same for additional information. The Court next heard the matter on May 28, 2020 and again requested additional information. On June 9, 2020 counsel, Richard Bray Williams, filed 979 pages of medical records and documents into the record, many of which were not relevant and were not properly redacted and contained personally identifiable information of the Debtor.

The Court once again heard the matter on June 11, 2020 with Mr. Williams and Mr. Harrington present on behalf of the Debtors. The Court questioned counsel about the amount recovered on behalf of the Debtor, the expenses paid on behalf of the Debtor and requested for the third time a summary and recapitulation of the amounts received and expended on behalf of the Debtors. The Court also discussed the nature of the Judgment (ECF #36-1) and its award of penalties and attorney's fees solely to the Debtor, David Gafford. Mr. Williams explained to the Court that attorney's fees, by statute, must be awarded to the claimant and could not be awarded to the attorney as the attorney is not a party to the workers' compensation claim. He further informed the Court that he had not withheld his percentage attorney fee from any of the monies awarded to the Debtor, monthly, as a result of the workers' compensation claim. Counsel clearly stated on the record that attorney's fees could not be awarded to him personally and the Judgment at page 3 of 4 (ECF #36-1) states that "there be judgment in favor of Plaintiff, David Gafford, and against Defendants, Natchitoches Regional Medical Center and Hospital Services of Louisiana, Inc., in the amount of ten thousand and no one hundred dollars ($10,000.00) as attorney's fees."

---

[1] The Court entered an Order April 28, 2020 which confirmed the plan subject to the posting of a payment to the Trustee's account by May 12, 2020. (ECF #38)

Likewise, the $2,000 penalty awarded was awarded to the Plaintiff, David Gafford. The total awarded was $12,000. (ECF #36-1)

As directed, Mr. Williams amended the "Motion for Approval of Judgment" to properly style it as an "Application for Approval of Attorney's Fees", although it was filed in ECF as an Application to Approve Compromise (ECF #36). The matter was continued to June 25, 2020 to allow time for the record to be supplemented once again. Along with the Amended Motion (ECF #46) Mr. Williams filed the requested summary and recapitulation of receipts and expenses (ECF #46-4, pp 1-2). It should also be noted that on May 26, 2020, Mr. Williams submitted a Sworn Declaration (ECF #41) the relevant paragraphs being number 4 and paragraphs 15, 16 and 17 (ECF #41).

The Court held a fourth hearing on the matter on June 25, 2020. Mr. Williams, the Chapter 13 Trustee, Jon Thornburg, and Eddie Harrington on behalf of the Debtor appeared. The Trustee introduced evidence (Exhibit 1), which reported that the Debtors were delinquent on payments in the amount of $2,935.00. The last payment received from the Debtors was received on June 15, 2020 in the amount of $210.00. Counsel for the Debtors reported that he had no contact with the Debtors to discuss the delinquency in payments; however, his office had discussed the workers' compensation claim with the Debtors. The Chapter 13 Trustee further reported that the case is ready for confirmation except for the delinquency in payment and that no further amended plan would be needed. As stated in footnote 1, the Court ordered the payment to be made and the case confirmed on or before May 12, 2020 (ECF #38). Debtors failed to comply with the Order of the Court. Finally, Mr. Williams reported that as pled in paragraph 7 of the Amended Application, the expenses owed to the Williams Family Law Firm in the amount of $2,980.84 would be paid by the Defendants in the workers' compensation proceeding and not by the Debtors. (ECF #46, p. 3 of 4).

## RULING

The employment contract as approved by this Court provides that Mr. Williams may receive 20% of the amount recovered on behalf of his client plus any legally allowable award for attorney's fees under Louisiana Revised Statute 22:658, 23:1201 "or any other statute of Louisiana."

The Court reviewed both statutes and neither provide for the payment of attorney's fees directly to the attorney. This fact was confirmed on June 11, 2020 by Mr. Williams during his argument in support of the Motion. Mr. Williams failed to provide the Court with a citation to "any other statute of Louisiana" which would allow the payment of attorney's fees directly to Mr. Williams. However, in support of the Amended Motion (ECF #46), Mr. Williams provided a copy of a revised Judgment signed June 12, 2020 by Judge James Braddock of the Office of Workers' Compensation, District 02, which Judgment now reads:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Plaintiff, David Gafford, and against Defendants, Natchitoches Regional Medical Center and Hospital Services of Louisiana, Inc., in the amount of TEN THOUSAND AND NO ONE HUNDRED DOLLARS ($10,000.00) as attorney fees and these attorney fees be made payable by Defendants, Natchitoches Regional Medical Center and Hospital Services of Louisiana, Inc. to Plaintiff David Gafford's counsel of record, R. Bray Williams of the Williams Family Law Firm, LLC. (ECF #46-3 at p.7)

The Court notes that the funds have already been paid by Order of this Court to the Chapter 13 Trustee and that the funds deposited were made payable to the Debtor, David Gafford, according to the statements of Mr. Williams at the hearing on June 11, 2020. This Court cannot determine whether the Workers' Compensation Judge was under belief that new funds would be issued and the funds held by the Trustee returned to the workers' compensation defendants or whether Judge Braddock was simply "changing the language in the judgment" to accommodate Mr. Williams. Based upon the representations of Mr. Williams to this Court, the Court finds the newly reformed Judgment to be suspect regarding any direct payment to Mr. Williams in light of the prior statements of counsel and the requirements of state law.

This Court authorized the employment of Mr. Williams and the Williams Family Law Firm pursuant to 11 U.S.C. 329 (ECF #37). Mr. Williams was to receive compensation per his contract and in accordance with the applicable bankruptcy laws. The summary and recapitulation provided by Mr. Williams (ECF #46-4) on June 18, 2020 shows that the Debtor has received benefits in the amount of $23,817.87. Presuming that the statutory penalty in the amount of $2,000 is likewise considered to be a "benefit" that amount is added to produce a total recovery to date of $25,817.87, 20% of which is $5,163.57. Mr. Williams has expended $2,864.84 on behalf of the Debtor according to his recapitulation (ECF #46-4). Pursuant to the terms of the employment contract

and in accordance with 11 U.S.C. 329 this Court awards compensation to Mr. Williams of the Williams Family Law Firm in the amount of $5,163.57. The expenses in the amount of $2,864.84 are to be paid by the Defendants in the workers' compensation case pursuant to the Judgment of Judge Braddock.[2]

The Chapter 13 Plan (ECF #25) authorized to be confirmed by this Court by Order (ECF #38) after the posting of the May 12, 2020 payment, provides at part 2.3 that Debtors will make additional payments to the Chapter 13 Trustee in the minimum amount of a pledge of 50% of the net recovery from all causes of action, unless otherwise ordered by the Court. The Chapter 13 Trustee having reported that the Debtors are in arrears in the amount of $2,935.00 as of June 25, 2020, the Court finds that the Debtors have failed to abide the prior order of this Court directing confirmation after the posting of the May 12, 2020 payment, which counsel to the Debtors indicated at the time of the hearing on confirmation would be or had been made to allow confirmation of the Chapter 13 Plan. The Debtors have not made payments and the plan confirmation order has not been entered.

The Court finds that the Chapter 13 Trustee should disburse the sum of $5,163.57 to the Williams Family Law Firm and that the Trustee should apply the balance of the funds held to bring the plan payments current in order to allow the confirmation order to be entered and the additional funds of $3,901.43 should be held by the Trustee pending further orders of this Court.

The Court will enter a separate order conforming with this Ruling.

# # #

---

[2] Paragraph 7 of the Amended Application states expenses to be $2,980.84. The difference in the amount is not significant as the expenses are to be paid by the Defendants in the workers' compensation proceeding.